UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> ) | MAG. NO. 14-6M <br><br> **Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Instagram, an Internet Service Provider and Social Media site located in Menlo Park, CA, to disclose certain records and other information pertaining to the email accounts: dr_jimi. The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Instagram is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Instagram to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. On February 19, 2013, a grand jury sitting in the Western District of Pennsylvania indicted Dr. Fadejimi Adelakun for trafficking in oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846. *See* 13-CR-43.

5. In March, 2013, Adelakun was arrested by agents of the Drug Enforcement Administration. Adelakun, although not a United States citizen, was then released pending trial on a secured bond. Adelakun was directed to maintain regular contact with his pre-trial services officer in the Southern District of Florida, where he then lived. Beginning in late August, early September 2013, Adelakun failed to maintain contact with his pre-trial services officer in Florida.

6. On September 5, 2013, a warrant was issued for Adelakun's arrest by District Judge Nora Barry Fischer. On October 30, 2013, Adelakun's secured bond was forfeited to the United States. As of December 13, 2013, Adelakun is still missing, and the Government believes that he has fled to Nigeria, his country of origin.

7. The Instagram accounts "dr_jimi" is an account used and associated with Adelakun. The information sought by this Order includes IP address information regarding Adelakun's use of these email accounts. By obtaining this IP address information, the United States Marshals, who are looking for Adelakun, will be able to see where he is using this Instagram account. This will provide the Marshals with a potential location for where Adelakun is, and thus will enable them to capture Adelakun, or begin the extradition process.

## REQUEST FOR ORDER

8. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual who is responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Instagram be directed to produce all items described in Part II of Attachment A to the proposed Order.

9. The United States further requests that the Order require Instagram not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its

disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

10. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____

Eric Rosen
Assistant United States Attorney
State Bar # NY 4412326
700 Grant Street
Suite 4000
Pittsburgh, PA 15219